UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                             CRIMINAL NUMBER: 23-101-SDD-SDJ

BRAD PAUL SCHAEFFER

### THIRD MOTION TO CONTINUE TRIAL

NOW INTO COURT, through undersigned counsel, comes defendant, BRAD PAUL SCHAEFFER, who respectfully moves this Court as follows:

1.

On November 30, 2023, the defendant was indicted for Conspiracy to Commit Healthcare Fraud, Healthcare Fraud, and Engaging in Unlawful Monetary Transactions.

2.

On December 20, 2023, the defendant appeared and entered a plea of not guilty.

3.

On December 20, 2023, by order of the court, the defendant was released on his own recognizance and a scheduling order was issued setting substantive motion filing deadline for January 16, 2024. Additionally, pretrial conference was set for February 20, 2024 and jury trial set for February 26, 2024.

4.

On December 21, 2023, request for discovery was made by defendant through undersigned counsel. The United States began providing the defendant with materials related to the prosecution of the indictment and said materials received exceeded several terabytes of material. Further, the material so far reviewed revealed that the case is complex in nature.

5.

As a result of the voluminous nature of the discovery, the attorney for the defendant on January 9, 2024 filed a first motion to continue and certify the case complex under the Speedy Trial

Act (Doc. 13).

6.

On January 10, 2024, this Honorable Court granted the motion to continue trial and certified the case as complex under the Speedy Trial Act (Doc. 14).

7.

On May 23, 2024, Mover herein filed a motion to withdraw as attorney based on the fact that the defendant indicated he could no longer meet his contractual obligations to Mover and asked Mover to file the motion to withdraw (Doc. 16). Further, Defendant, Schaeffer, wished to explore the possibility of qualifying for court appointed counsel due to the change of his livelihood and income.

8.

On July 2, 2024, an order was signed granting the motion for Mover to withdraw as counsel of record (Doc. 27).

9.

On July 3, 2024, an order was granted appointing Thomas C. Damico, Mover herein, as attorney from the CJA Panel (Doc. 28).

10.

On August 7, 2024, a minute entry was entered regarding a telephone conference between the Court and all parties that reset the jury trial for April 28, 2025 (Doc. 30).

11.

On January 28, 2025, Mover herein filed an unopposed Request for a Status Conference in said case. Counsel for the defendant and counsel for the United States corresponded regarding the case and trial date and agreed due the voluminous discovery and trial schedules to ask the court for a status conference to discuss with the court the possibility of reassigning the trial date to the fall of 2025 (Doc. 32).

12.

On February 4, 2025, a telephone status conference was held involving the Court and all parties and the jury trial was reset October 14, 2025 (Doc. 34).

13.

Since the resetting of the trial date, Mover, appointed from the CJA Panel, has continued working through discovery. Said discovery includes several terabytes of material. The "Hot Docs" provided by the government alone contained 25.4 gigabytes of material. The voluminous discovery is overwhelming given the fact that the Mover is the sole reviewer of material while still required to maintain an active criminal defense practice.

14.

Mover was in the process of preparing a Motion for Advance Authorization for Expert Investigative Services and/or Expert Paralegal Services in an Amount in Excess of Normal Funds Allowed and Interim Payments to the Service Provider pursuant to 18 U.S.C. § 3006(A) to remedy the excessive workload of Mover.

15.

On July 10, 2025, Mover became aware that the Criminal Justice Act funds used to pay for legal services had been depleted and future payments will be deferred until funds become available. The estimated date of payments being disbursed will be at the beginning of October 2025.

16.

Mover cannot obtain the necessary support to adequately prepare the above case without the availability of interim payment support services.

17.

Mover has contacted the Assistant United States Attorneys handling this matter regarding his concerns. They responded as follows:

> "United States does not object to a short continuance, but given the age of the case, desires to bring this matter to trial as soon as possible."

18.

Mover requests a continuance of this trial in this matter no earlier than March 2026. That setting would allow for continued preparation of counsel, authorization of investigator and/or

paralegal support, and interim payments to assure that support.

19.

The defendant further shows that the ends of justice outweigh the interest of the United States and the public in a speedy trial in that he requires additional time to adequately prepare and defend the prosecution of the indictment.

Respectfully submitted,

DAMICO & STOCKSTILL
ATTORNEYS AT LAW

/s/ THOMAS C. DAMICO
Thomas C. Damico, #04480
8048 One Calais Avenue, Suite A
Baton Rouge, LA 70809
Telephone: (225) 769-0190
Facsimile: (225) 769-0195
Email: tommy@thomasdamico.com

Attorney for Defendant,
BRAD PAUL SCHAEFFER

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Elizabeth White, Assistant United States Attorney.

Respectfully submitted,

DAMICO & STOCKSTILL
ATTORNEYS AT LAW

/s/ THOMAS C. DAMICO
Thomas C. Damico, #04480